I'm John Levant for the plaintiff. This is a summary appeal from a denial of a summary judgment motion. Basically the issue in this case, plaintiffs allege that the petitioner, Global Fabricators, is entitled to have an H-1B petition approved by the government, USCIS, because plaintiffs believe that the beneficiary of the petitioner is the subject of an occupation that requires a bachelor's degree. The defendants deny this. The plaintiff's principal petition is that in a previous petition filed on behalf of this same beneficiary, albeit by a different employer, the facts of the petition and the job title were the same. And for that petition, the government approved the H-1B petition. The petition was for the position of structural steel detailer. The duties of the position were the same as in the subsequent petition. So how do we know the first adjudication or determination was correct and the second one is wrong? Couldn't it be the other way around? It's possible. If it's possible, then your guy got a break by being in for a while. But that doesn't – what legal basis is for us to say that he has a constitutional right to get granted a second time just because he was granted first? Our position is that if the facts in the two petitions are the same, if the job title is the same, if the job duties are the same, the government is trying to distinguish by saying the employer was different, the business was different. But the nature of the business, structural steel design, the business of the employer was the same, the job title was the same, the job duties were the same. The government is claiming that the – That seems to answer my question, which is it could have been – and you can see, they could have been wrong the first time. So where is the constitutional right to have it granted time number two just because it was granted number one? I'm not interested right now in the factual distinction. The answer to your question, Your Honor, is if the prior petition was approved in error, the government should explain why the decision was wrong. Kagan, aren't you making just a fundamental administrative law point, which is that administrative agencies have to operate consistently and have to explain themselves? And if they're going to do things in – That is correct. The government is – It's not a constitutional argument. It's simply an administrative law point. There may be a matter of due process in that the U.S. citizen petitioner is entitled to have decisions made under a rational basis. The government is saying that the relationship between the agency and the two petitions, the relationship between the district office and the administrative appeals office is like a district court and a court of appeals. And if there is a prior decision that is in error, that the administrative appeals office is entitled to overrule the first decision. But even if that be the case, if a court of appeals decides to overrule or overturn a district – the decision of a district court, it has to give a reason, a reasoned explanation as to why the prior decision is in error. The government can't just simply say, we're the government, we're going to overrule our prior decision, we're going to cite it differently. What's wrong with the agency focusing on the application that was before it and different set of eyes look at the application and concluding reasonably based on the evidence before them that the visa should not obtain? If the prior decision is consistent, the government would be within its discretion in making – Roberts, certainly your argument is not having once granted the visa that this individual is entitled to a similar visa any time he shows up for work under any circumstance where he has the title structural engineer. That's not your argument. No, our argument is if the government believes its prior decision was in error, it should explain why there was an error. Did you put into the record the entire record in the earlier proceeding? In other words, how do we know it's the same? You're saying it's the same, but how do we know it's the same? Because the title is the same, but what else do we know about it? The duties of the position were the same. in its statement of issues in regard to the summary judgment motion on pages 185 of the exodus of record, the government concedes that the job title and duties of the position – The government concedes that the defendant, USCIS, previously approved H-1B petitions under Section 101A-15H of the Immigration and Nationality Act when the job title and job duties of the position have been similar to that which was denied in this case. The government admits that but says the facts asserted are not material. They admit that the job title and duties are similar. We recognize it's within the government's discretion to review the facts and the law of these petitions and to make a determination. All we're asking is that if the government should suddenly change its position, it should give an explanation for such a change. If the prior decisions were consistent, it may well have been within the government's discretion to deny the petition in this case. If the previous decision was denied. If I drive down the street in a 35-mile-an-hour zone at 36 miles an hour past Officer X and she doesn't give me a ticket and I drive by the next day, same speed, same location, same officer, and she gives me a ticket, I'm entitled to have her explain why she didn't give me a ticket the day before? If there's a prior pattern where the government is systematically not. Well, there's no prior pattern. There's no systematic allegation here. It's one prior approval. We cited two other petitions which were similar to this one in which the government. Involving this individual? Involving different individuals. What's the answer to my question? What's the answer to my question? The officer, she has to explain to me why she gave me a ticket on Tuesday but not on Monday? I think the situation is distinguishable because it's not a case of law enforcement. It's a case in which a person is asking the government for a benefit and is relying on prior determinations that were made by the government regarding similar types of petitions. The grant of a visa is a matter of exercise of discretion, correct? Correct, but the discretion has to be exercised reasonably. And how's that different from law enforcement discretion? Maybe you can pick that back up in the rebuttal. Do you have anything else you want to argue before we hear from the other side? I'll just briefly refer to the briefs as the court is certainly aware. We've read the briefs. Yes. That, I think, may answer your question. This is, I think it's different from the situation where an officer decides to give someone, not to give someone a ticket and then does it the second time. We raised legal argument in our briefs as to why this type of petition should be granted. The government granted prior petitions that could have been granted on the same arguments, but did not. Legal argument was presented for such a determination. Again, if the government had denied prior petitions based on the same title, based on the same facts, based on the same legal issues that were before it, it may very well have been within its discretion. Let me just make one more point. Even the Supreme Court, when it decides to overrule a decision, it explains the basis for reversing its decision, because it's more than whether or not an officer is going to arrest someone. The prior decision was made after the benefit of legal argument and considered decision. If the Court decides to change its policy, it should give a reason for doing that. We feel that the government agency should do something similar. If it decides to change policy, it should give a reason so that our Petitioner and future Petitioners will know what the policy of the government is. And they won't ---- Kagan. But as far as one can ---- The problem is that the other ---- Lace the government's time by filing a petition that they know will be denied. Excuse me. I'm speaking. Pardon me, Your Honor. Excuse me, sir. The problem is ---- I don't even know what I was going to say. Go ahead. You've got some time. Let's hear from the government, and you can ----  Thank you, Your Honor. elucidate further in the rebuttal. May it please the Court. Arnold DeVore for the United States Government Federal Defendants. The sole issue before this Court, Your Honors, is whether the record compels reversal of the District Court judge's determination that the Administrative Appeals Office did not abuse its discretion regarding the denial of Global Fabricators I-129, the beneficiary, Mr. Israel Cruz. The issues raised by opposing counsel in his opening arguments before this Court relate to alleged prior approvals of I-129s regarding structural steel detailers. The Administrative Appeals Office actually addressed this explicitly on remand from the District Court in its exhaustive 11-page determination and found the following, Your Honors. First, that there is no nexus between prior approvals and this petition for an I-129, and that is because the three prior approvals mentioned, individuals with the last name Cruz, Ibanez, and Kalenta, are from different petitioners and different beneficiaries. Thus, there is no prior approval. This is not an extension of an I-129, but its own proceeding. Specifically ---- Kagan. But there is an obligation by an administrative agency, including this one, to behave in a non-arbitrary and capricious manner, i.e., consistently with regard to identical situations. Now, there's a burden, obviously, to prove that it is an identical situation, but it doesn't seem to me to be an answer to say that they could just change their mind. Well, Your Honor ---- Without explanation. If I may, you're correct. The APA does contemplate and, of course, the United States government must strive to be consistent in its determinations. However, in this determination, the three prior approvals were by the California Service Center Director. The Administrative Appeals Office, when taking a look at this I-129, determined on page 3 of its determination, of its decision, that those approvals were in error. Is that why they determined or they couldn't tell? Well, it raised it as a hypothetical. If, however, the prior petition was approved based on evidence that was substantially similar to the evidence contained in this record, those approvals from the prior petitions would have been erroneous. Is your position that that's a sufficient explanation for APA purposes? Yes, it is. Regarding APA, additionally, there are other grounds that matter. First, this I-129 petition clearly demonstrates in the balancing by the Occupational Outlook Handbook, as promulgated by the Department of Labor, that the merits, the actual responsibilities of this proper position fall into that of the category of architectural drafter, which does not require a baccalaureate degree and thereby is not eligible for an H-1B specialty occupation as contemplated by 8 U.S.C. 1184-I. There were four independent findings by the AAO, which demonstrate to the Court and the district court below it, above it, that there was no error in the determination. The question is, is whether the record compels reversal, and it indeed does not. The one piece of this four-part test that I find a little baffling, especially as applied, is the part that says whether this employer has required a bachelor's degree for this job, to which the answer seems to be, oh, but of the agency and of the district court, that, well, that can't be all of it, because if so, then the agent then the employer is simply making its own rules. But that's what the standard seems to say. That's, with respect, Your Honor, I disagree with that position. First, I may not have been entirely clear with regard to this standard. It's contemplated by HCFR Section 214.2H4-3IA. And I think you're identifying the second of four criteria. And if the third one, yes, the employer normally requires a degree or its equivalent to the position. If any of these four criteria are met, the burden has been made and the I-129 is granted. Regarding this third criteria, the AAO is merely stating that the self-serving statements without corroborating evidence, such as information in the Occupational Outlook Handbook, which is an objective Department of Labor promulgation, or other labor certifications, or particularly this company's practice. This is regarding the employer normally requires a degree. What Global Fabricators submitted in its many opportunities to the AAO. Kagan. I understand that they may not have met the standard, because they didn't really prove up the equivalence of the degrees and so on, or what the people's jobs were and so on. But the standard itself would seem to be met if the employer adequately demonstrated that it itself did require bachelor's degrees for Job X, whatever Job X may be. And yet you now and the administrative agency seem to say that that isn't it. There has to be some objective external indication as well that this job requires that, and I don't understand that. I don't understand. I don't know why you have that standard, but since it's there, I don't understand how you can apply it by saying, you know, A is not A, because A seems to not have an external reference. Well, Your Honor, you are correct. If the employer, Global Fabricators, had normally met its burden by a preponderance of establishing that it normally only hired people with bachelor's degrees for this profit position, the burden would be met. You're correct. It is. But that isn't what the agency said or what your briefs say. Well, that can't be all of it. There has to be some external demonstration that it's actually necessary to have this degree. Well, Your Honor, if I may directly address this criterion, what Global Fabricators didn't do, what they didn't do to meet their burden regarding this criterion exclusively was that they submitted several resumes to Citizenship and Immigration Services, including two which have people in the position of structural steel detailer that had bachelor's degrees, foreign bachelor's degrees that warranted H-1Bs. However, what they did not submit, Your Honor, is that this was the normal pattern and practice. Global Fabricators has been in existence since 1982, and indeed the remaining resumes submitted before USCIS Administrative Appeals Office for consideration were not for the proffered position. What matters is that we may be talking past each other, because I didn't understand Judge Berzon's question really to ask did Global Fabricators submit enough. It's really to make the observation that might be taken back to the agency, that the provision seems to say it's up to the individual employer. And both your brief and the agency's determination seem to say, oh, that can't be right, but that's exactly what it says. The employer normally requires a degree or its equivalent for the position, and to the extent an argument is made that says, well, that gives the Petitioner's self-imposed requirement carte blanche to trump the law, I think what we're suggesting is, yeah, that's right, the way it's worded. I don't think that speaks something to this case. So at least for me, I'm hoping to communicate back to you and back to the agency that something is amiss with that provision. If you're going to take the position in a legal argument that surely an employer can't by itself decide to make this a requirement and have it satisfy the regulation, I'm saying sure looks like it satisfies the regulation to me, because it says the employer normally requires a degree. That seems to give the employer the right to do it. So yes, exactly. It doesn't speak to this case, because I don't – I'm not questioning whether Global made a sufficient showing. The determination was that they did not make a sufficient showing. But both your brief and the administrative agency's decision goes on to make this observation that doesn't actually square with the language of the reg. Well, perhaps, Your Honor, if I may direct you to page 8 of the AAO determination. I would have thought the response to that would have been and should have been, I hear you. I certainly do hear you. And now move on to your next point, if you have one. Yes, Your Honor. I have no additional points to make unless this Court has additional questions. I don't see any other questions. Thanks for coming all the way out from Washington. We appreciate it. Counsel, do you have more? Sure. The clock seems dead. This one's working, but that one is not. Do you have numbers up there in front of you on the clock? There's nothing. The time remaining is blank. Okay, go ahead. I've got it right here. In response, again, to the point that was made by the Court earlier, I'd like to express in this matter, if you have an employer, a structural steel detailer, this is a hypothetical, and they hire someone, say, as an engineering technician, and they know that the government has a consistent record of denying H-1B petitions for engineering technicians. They will not waste their time or the government's time in filing such a petition because they've been put on notice as to what the law is, to what the law and administrative policy is. If you have a posted sign in an area advising motorists that the speed limit is 40 miles per hour, that the motorists are put on notice, that's what the speed limit is. This is what we're asking, is that the government make consistent decisions so that petitioners are put on notice as to what the law is. But the actual problem here, as I understand it, is that there are layers in this agency, and that at the lowest level, it's very hard to do. I mean, it's just made by individuals. The decisions aren't recorded anywhere. There's no way to compare them, right? Then you go up, and the administrative agency, the appeal agency essentially says, well, if they did that, they were just wrong. That's not our standard. So what's wrong with that? In other words, you've taken it up a level, and they're telling you that there was just a mistake made. If that is the case, they should be consistent in that determination. That's the whole basis of law and precedent, is that a person be put on notice as to what the law and the standards are. This petition ---- But there aren't sanctions here. Nobody's being sanctioned. The guy's not going to get his visa, but he's not going to go home, right? Nothing's going to happen to him. I understand that the petitioning employer is entitled to know under what circumstances the petition will be approved. The petitioning employer thought, reasonably assumed, that because a prior petition was approved for a similar type of employer with the same type of occupation and the same job duties, that the petition would be approved in this case. And now the employer is told by the agency that it's wrong. He relied on prior decisions, and now the agency is telling him it's wrong. He'll have to hire somebody else. I mean, that's the only sanction. Well, we feel it's a similar situation in which a plaintiff brings a lawsuit and is required to rely on prior decisions. Exactly. That's exactly right. If you rely on a district court's ruling and then a case comes up to the court of appeals and we say, oh, no, all the courts that said that were wrong, too bad for you. But the court of appeals will explain why the district court was wrong. I think it's improper under our system of jurisprudence to say, well, we're the government and we feel that the prior agency's decision was wrong and not to offer any further explanation. I think we understand your argument. Thank you both for coming in today. The case just argued will be submitted for decision.
judges: Hawkins, Berzon, Clifton